CATOE *versus* HARRISON.

QUESTION IN THIS CAUSE.

*Upon the return of an officer executing scire facias.*

1. That no return appeared on a *scire facias* issued against a defaulting witness, held to be sufficient error to reverse a judgment rendered thereon.

In error from Clarke Circuit Court.

In this case a judgment was rendered against the plaintiff in error, on *scire facias*, as a defaulting witness. The *scire facias* did not appear, from any return thereon, ever to have been executed; and upon this assignment the cause was brought into this Court.

*Porter*, for the plaintiff in error.

SAFFOLD, C. J.—This was a proceeding on *scire facias*, to subject the plaintiff in error to the forfeiture of one hundred dollars, as a defaulting witness in a civil suit, in which Harrison was a party. On the second April, 1833, the latter obtained the judgment *ni. si.* on which the *sci. fa.* issued: the latter bears date the seventh day of November, 1833, returnable to spring term, 1834. On the 18th of April, 1834 the judgment was made absolute.

The assignments of error are—

1. It does not appear that the *sci. fa.* was served on the defendant, Catoe.

2. That a term intervened without any proceedings, whereby a discontinuance was created.

1. It is found on reference to the record that there is no return, by any officer on the *sci. fa.* It is true, that in entering up the judgment, it states, by way of recital, or what had preceded it, as the foundation of the judgement then being rendered, that Catoe had shewn "no sufficient cause on a *scire facias* issued and *served* upon him." This, however, not being a necessary part of the judgment, so far as relates to the service of the *sci. fa.*, and it being a matter which the law requires should appear in the form of the officers return, over his proper signature, the statement of the fact by the clerk is deemed insufficient. This is considered a fatal error in the proceedings, and one which rupersedes the necessity of any examination of the other point presented by the assignments.

Let the judgment be reversed,